**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3329
_____

UNITED STATES OF AMERICA,

v.

JEMEL LAQUAN KING,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Case No. 3-15-cr-00088-001)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 5, 2022
_____


Before:  CHAGARES, Chief Judge, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: May 9, 2022)
_____

OPINION[*]
_____

---

[*]   This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge

Jemel King appeals his criminal conviction, arguing that one count of conviction should be vacated and that the District Court's failure to inquire into his motion to substitute counsel constitutes structural error mandating reversal. For the reasons that follow, we will affirm the judgment of the District Court.

I.

We write primarily for the parties and recite only the facts necessary for disposition of this case. In 2015, King was charged with several felonies related to an armed bank robbery. King was appointed counsel by the court. Several months before trial, King wrote a letter to the District Court requesting substitution of counsel. He averred that his appointed counsel was pressuring him to accept a plea agreement, refused to review discovery materials with King, and was "evasive and uncooperative." Appendix 24. The court denied the motion without a hearing on the matter. King was eventually convicted by a jury of conspiracy to commit armed bank robbery (18 U.S.C. § 371), aiding and abetting armed bank robbery (18 U.S.C. §§ 2, 2113(d)), and aiding and abetting the brandishing of a firearm during and in relation to and in furtherance of a crime of violence (18 U.S.C. §§ 2, 924(c)).

King filed a timely notice of appeal. His then-appointed counsel moved to withdraw and filed a brief purporting to be in accordance with Anders v. California, 386 U.S. 738 (1967) after almost two years of briefing extensions and an Order to show cause. A panel of this Court reviewed the briefs and ordered (1) that the Anders brief be

2

stricken, (2) that counsel be removed, and (3) that the clerk of court appoint new counsel. The panel also ordered that the previous counsel not be appointed as carryover counsel in any future appeals, and notified the Criminal Justice Act Committee of the Middle District of Pennsylvania of his conduct during the appeal, which included ignoring court deadlines, failure to file documents, and failure to send documents to King. King was then appointed counsel from the Office of the Federal Public Defender for the District of Delaware.

## II.[1]

### A.

King first argues that his conviction under 18 U.S.C. § 924(c) should be vacated. He contends that pursuant to recent Supreme Court precedent, he has not been convicted of a "crime of violence," such that his conviction under § 924(c), which criminalizes the brandishing of a firearm in furtherance of a crime of violence, is no longer valid.

A "crime of violence" is defined by the statute as "an offense that is a felony" and that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). We employ the categorical approach to analyze whether a conviction qualifies as a crime of violence under this clause. See United States v. Davis, 139 S. Ct. 2319, 2328 (2019). Accordingly, we examine the least culpable conduct punishable under the statute to determine whether it meets the definition

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

of a crime of violence.  See United States v. Wilson, 880 F.3d 80, 84 (3d Cir. 2018).  The predicate statute at issue here is 18 U.S.C. § 2113(d), which in turn references § 2113(a).  The least culpable conduct under section 2113(a) is "unarmed bank robbery by intimidation."  Id. at 84.  We held in Wilson that unarmed bank robbery by intimidation is categorically a crime of violence.  Id. at 88.

King argues that we must reexamine our holding in Wilson in light of the Supreme Court's decision in Borden v. United States, which held that statutes with a mens rea of recklessness cannot qualify as crimes of violence. 141 S. Ct. 1817, 1825 (2021).  The Borden decision does not change the nature of King's predicate conviction, however.  The Supreme Court has determined that § 2113(a) requires a mens rea of knowledge.  See Carter v. United States, 530 U.S. 255, 268 (2000).  And King's argument that § 2113(a) could criminalize someone knowingly engaging in intimidation but without knowledge that the intimidation would lead to a bank robbery has already been rejected by this Court.  See Wilson, 880 F.3d at 87–88.  Because the statute requires knowledge as to both of its elements, Borden does not change the outcome.  We therefore conclude that King's predicate conviction constituted a crime of violence and we will affirm his conviction under 18 U.S.C. § 924(c).

## B.

King also argues that the District Court erred by denying his motion to substitute counsel without further inquiry into whether there was good cause for such a motion.  The Government concedes that the court abused its discretion by failing to inquire into the basis of the motion.  We are bound by this Court's decision in United States v. Senke,

4

986 F.3d 300 (3d Cir. 2021), however, and therefore cannot hold that the District Court committed structural error. 986 F.3d at 314–15. King accordingly must bring a claim under 28 U.S.C. § 2255 in order to pursue this issue. Id.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.